[No. 8597.   Department Two. — November 19, 1885.]

JOHN PETERSON, RESPONDENT, *v.* ANDREW LAURETZEN, APPELLANT.

RIGHT OF WAY — PAROL EVIDENCE OF — PARTITION — TRESPASS — FRAUD.— The action was brought to recover damages for a trespass alleged to have been committed by the defendant on the land of the plaintiff, by tearing down a fence. The defendant, claiming to have a right of way over the land, offered to prove by parol that the plaintiff and himself, being tenants in common of a tract of land including the *locus in quo,* entered into a contract for the partition thereof, by which it was mutually agreed that the *locus in quo* should be reserved to the defendant as a right of way; but that by reason of the fraudulent conduct of the plaintiff, the partition deeds were so executed as not to contain the reservation. *Held,* that the evidence was admissible.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*D. S. Gregory*, and *F. Adams*, for Appellant.

Parol evidence of the right of way, and of the fraudulent conduct of the plaintiff, was admissible. (Civ. Code, secs. 2048, 1963, subd. 20; Greenl. Ev., sec. 53 a; *Lampman* v. *Wilks*, 21 N. Y. 507; *Hathorn* v. *Stinson*, 10 Me. 224; S. C., 25 Am. Dec. 232; *Pickering* v. *Stapler*, 5 Serg. & R. 107; S. C., 9 Am. Dec. 336; *Carlin* v. *Paul*, 11 Mo. 32; S. C., 47 Am. Dec. 139; *Underwood* v. *Carney*, 1 Cush. 285.)

*McD. R. Venable*, for Respondent.

MORRISON, C. J.—This is an action for damages based upon an alleged trespass committed by defendant on plaintiff's lands, by tearing down and destroying a fence erected thereon by plaintiff. The tearing down of the fence is admitted, but it is claimed that it was erected by plaintiff across a road which the defendant traveled, and had a right to travel, leading over the plaintiff's lands to those of defendant.

The answer sets up that in May, 1876, plaintiff and defendant entered into an agreement to purchase the land in question of one Bayer, and thereupon the plaintiff entered into possession of the entire tract, and that while in possession and holding the same for their joint benefit, plaintiff and defendant entered into an agreement to partition the tract in certain proportions stated in the answer, and thereupon the plaintiff undertook and agreed to procure deeds partitioning and conveying the land in severalty accordingly, and also granting to defendant the right of way claimed by him.

That defendant trusted in the honesty and good faith of plaintiff in the matter, and on the first day of Feb-

ruary, 1877, plaintiff procured the deeds of partition which were executed in accordance with the agreement, except as to the right of way, which it is charged plaintiff fraudulently caused to be omitted from defendant's deed to said land; other allegations of bad faith and fraud in connection with the alleged right of way are charged in the answer against plaintiff, all of which are found by the court to be untrue, the court having excluded the defendant's evidence. On the trial, judgment passed for plaintiff, and the court awarded five dollars damages.

The contention on the trial was about the so-called right of way claimed by the defendant over the plaintiff's land; and if no such right was established or attempted to be proved on the trial, the determination of the court below was correct. It is shown in the evidence that the way by the road fenced by plaintiff had been used for some time by defendant, and was necessary for the purpose of access to his portion of the land. And it further appears that it was a part of the agreement under which the land was partitioned, that the defendant should be reserved the right of way claimed by him over the land of the plaintiff by the deed of partition. The plaintiff undertook to procure the deeds of partition to himself and the defendant, promising that the right of way should be provided for in those deeds, but by what is declared to be his fraud the right of way was omitted. All of this matter the defendant attempted on the trial to prove by parol, but the court excluded the evidence, holding that the matter was provable only by a written instrument.

In this we think the court erred. The parties held the land in common; this defendant had used the right of way in question for some time before they made a contract or agreement for the partition of the land, the defendant agreed to accept a certain portion of the land as his share, provided the right of way claimed went

with it; the plaintiff promised that it should, and that
he would procure deeds in which that right should be
reserved; that the defendant relied upon the promise of
the plaintiff in the matter, and that by the fraudulent
conduct of plaintiff the partition deeds omitted it. We
think that under the foregoing facts the evidence offered
was admissible, and that the court erred in excluding it.
(1 Greenl. Ev., secs. 284, 296.)

Judgment and order reversed.

Myrick, J., and Thornton, J., concurred.